IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GINA DIANE INDA DELA CRUZ,<br><br>               Plaintiff,<br><br>    vs.<br><br>CHILD WELFARE SERVICES; and<br>PATRICE BELL, CHILD WELFARE<br>SERVICES WORKER,<br><br>               Defendants. | Civ. No. 16-00669 JMS-KSC<br><br>ORDER: (1) DISMISSING<br>COMPLAINT WITHOUT LEAVE<br>TO AMEND; AND (2) DENYING<br>AS MOOT APPLICATION TO<br>PROCEED IN DISTRICT COURT<br>WITHOUT PREPAYING FEES OR<br>COSTS |

## ORDER: (1) DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND; AND (2) DENYING AS MOOT APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS

## I. INTRODUCTION

On December 22, 2016, Plaintiff Gina Diane Inda Dela Cruz ("Plaintiff"), proceeding pro se, filed an "Opening Statement," ECF No. 1, which the court construes as a Complaint. On January 30, 2017, Plaintiff sought to proceed in forma pauperis by filing an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"), ECF No. 6, and a Statement that provides more detail regarding her financial condition, ECF No. 7. Pursuant to Local Rule 7.2(d), the court finds these matters suitable for disposition without a hearing. Because Plaintiff's claims are barred by res judicata, and are therefore

frivolous and fail to state a claim, the court DISMISSES the Complaint pursuant to 28 U.S.C. § 1915(e), and DENIES the IFP Application as MOOT.

## II. <u>BACKGROUND</u>

### A.    The Complaint

Plaintiff's Complaint alleges that Defendants Child Welfare Services ("CWS") and CWS workers Patrice Bell ("Bell") and Carlene Greenlee ("Greenlee") (collectively "Defendants")[1] violated Plaintiff's constitutional rights and conspired to violate Plaintiff's rights pursuant to 42 U.S.C. § 1985 when Plaintiff's newborn daughter was removed from her custody in 2009.  Compl. at 1. More specifically, the Complaint alleges that Greenlee violated Plaintiff's Fourth Amendment rights and committed a crime by taking Plaintiff's daughter absent any evidence of harm.  *Id.*  Plaintiff alleges that Bell "tr[ied] to get a doctor to wrongfully diagnose me and she wrongfully took my custody away from me."  *Id.* Further, Bell allegedly "took [Plaintiff's] custody away because of [her exercise of] freedom of speech" in connection with a separate CWS case involving Plaintiff. *Id.*  Plaintiff seeks damages of $7 million, and custody of her children.  *Id.*

---

[1] Although the Complaint's caption names only CWS and Bell as Defendants, because the body of the Complaint includes allegations against Greenlee, the court construes the Complaint as also naming Greenlee as a Defendant.

**B.     Prior Federal and State Actions**[2]

On December 9, 2011, Plaintiff filed an earlier action in this court

against CWS Director Patricia McManaman ("McManaman"), Greenlee, and Bell,

alleging that they violated Plaintiff's constitutional rights in 2009 when Plaintiff's

then-newborn daughter (the same child at issue in the current Complaint) was

taken into protective custody and Plaintiff was prevented from having

unsupervised visits with her other children. *See Dela Cruz v. McManaman*, 2012

WL 4472260, at 1 (D. Haw. Sept. 26, 2012) ("*Dela Cruz 2011*").[3] Plaintiff sought

the return of her children and $20 million in damages. *Id.*

*Dela Cruz 2011* determined that Plaintiff's claims were barred by the

doctrine of claim preclusion, based on the final adjudication of the same claims

against the same parties in a prior state court action. *Id.* at 4-6. *Dela Cruz 2011*

---

[2] A court may take judicial notice of documents outside of a complaint that are "matters of public record" as long as the facts noticed are not "subject to reasonable dispute." Fed. R. Evid. 201. Specifically, the court may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other verifiable documents from earlier related litigation); *Lee v. City of L.A.*, 250 F.3d 668, 689-90 (9th Cir. 2001) ("A court may take judicial notice of matters of public record.") (citation and quotation marks omitted).

[3] Although the *Dela Cruz 2011* Amended Complaint listed only Patricia McManaman in the caption, this court construed the Amended Complaint, with its specific allegations of wrongdoing by Greenlee and Bell, as also naming Greenlee and Bell as Defendants. *Dela Cruz 2011* at *1 n.1.

noted that in 2010, Plaintiff filed an action in state court that (1) alleged claims for "bad faith, negligently interfering parental rights [sic], emotional distress, taking a child with no proof of evidence, no probable cause, invasion of confidentiality and privacy, [and] false police report;" and (2) sought the "return of all seven of her children . . . and $10 million in damages." *Id*. at *2. *Dela Cruz 2011* further noted that a state court judgment was entered in favor of Defendants and against Plaintiff pursuant to an order granting summary judgment with prejudice, and that Plaintiff did not appeal that judgment. *Id.*

> *Dela Cruz 2011* explained that:
>
> First, the Judgment in the State Action is now final. . . . Second, the parties in the State Action are the same as in this action. . . . Third, . . . the claims in this action are the same as those in the State Action. . . . Plaintiff's claims against Greenlee, Bell, and McManaman in this [federal] action clearly arise out of the same series of transactions as those in the State Action -- the removal of Plaintiff's daughter and her interactions with Bell, Greenlee, and CWS. That is, while Plaintiff raises constitutional issues in this action but raised tort law claims in the State Action, "all of the claims arise out of the same series of transactions . . . and are therefore the same claims." *Aganos* [*v. GMAC Res. Funding Corp.*,] 2008 WL 4657828, at *5 [(D. Haw. Oct. 22, 2008)] . . . Moreover, although Plaintiff brings a claim in this action under § 1983 which was not contained in the State Action, Plaintiff *could have* brought her § 1983 claim in the State Action.

4

*Id*. at \*5-6.  Thus, this court granted Defendants' Motion for Summary Judgment and dismissed the action as to all claims and all parties.  *Id.* at \*6.  Judgment was entered in favor of Defendants on September 26, 2012.  ECF No. 51.  Plaintiff did not appeal that Judgment.

### III.  <u>STANDARDS OF REVIEW</u>

The court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a), governing IFP proceedings, to mandatory screening.  The court must order the dismissal of any claim that it finds "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim).

A complaint "is 'frivolous' where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  When claims are barred by res judicata, or claim preclusion, a complaint is frivolous and fails to state a claim.

*See Franklin*, 745 F.2d at 1230 (affirming dismissal of plaintiff's claims as "frivolous or malicious" where the request for damages was barred "under the doctrine of res judicata"); *see also D'Ambrosio v. Spalding*, 2013 WL 6147245, at *3 (D. Ariz. Nov. 22, 2013) (dismissing complaint for failure to state a claim where the plaintiff's claims were barred by res judicata); *Puckett v. United States*, 2006 WL 2265264, at *3 (D. Idaho Aug. 8, 2006) (dismissing action for failure to state a claim and as frivolous because claims were barred by res judicata).  Further, although res judicata is typically raised as an affirmative defense, where its application is readily apparent, the court may raise the issue sua sponte:

> [I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.

*Arizona v. California*, 530 U.S. 392, 412 (2000) (internal quotation marks omitted); *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1054 (9th Cir. 2005) ("As a general matter, a court may, *sua sponte,* dismiss a case on preclusion grounds where the records of that court show that a previous action covering the same subject matter *and parties* had been dismissed." (internal quotation marks

omitted)).  Application of res judicata "ensures the finality of decisions" and "bars vexatious litigation."  *Brown v. Felsen*, 442 U.S. 127, 131 (1979).

Plaintiff is appearing pro se; consequently, the court construes the Complaint liberally, resolving any doubt in Plaintiff's favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam).  The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

## IV.  <u>DISCUSSION</u>

"Res judicata, or claim preclusion, prohibits lawsuits on 'any claims that were raised *or could have been raised*' in a prior action."  *Stewart v. U.S. Bankcorp*, 297 F.3d 953, 956 (9th Cir. 2002) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)).  To determine the preclusive effect of a state court judgment, the court must look to Hawaii law, but federal law governs the preclusive effect of a federal court judgment.  *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) (explaining that "federal courts may look to common law or to the policies supporting res judicata . . . in assessing

the preclusive effect of decisions of other federal courts," but must determine the

preclusive effect of a state court judgment based on the law of that state).  Under

Hawaii law, claim preclusion applies where there is (1) a final judgment on the

merits, (2) both parties are the same or in privity with the parties in the original

suit, and (3) the claim decided in the original suit is the same as the one presented

in the current action.  *See Dela Cruz 2011,* 2012 WL 4472260, at *4 (citing

*Bremer v. Weeks*, 104 Haw. 43, 53, 85 P.3d 150, 160 (2004)).

Res judicata applies to a federal court judgment under a virtually

identical test -- when there is: "(1) an identity of claims; (2) a final judgment on the

merits; and (3) identity or privity between parties."  *Stewart*, 297 F.3d at 956

(internal quotations omitted).  With respect to the first element, the court considers

four factors to determine the identity of claims:

> (1) whether rights or interests established in the prior
> judgment would be destroyed or impaired by prosecution
> of the second action; (2) whether substantially the same
> evidence is presented in the two actions; (3) whether the
> two suits involve infringement of the same right; and
> (4) whether the two suits arise out of the same
> transactional nucleus of facts.

*Yagman v. Garcetti*, 2017 WL 243349, at *1 (9th Cir. Jan. 20, 2017) (quoting

*Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 917-18

(9th Cir. 2012)). Of these, the last factor -- whether the claims arise out of the same core set of facts -- is the most important. *Id.*

Here, the court finds that res judicata bars Plaintiff's claims. First, there is an identity of claims. Plaintiff's Complaint asserts claims for infringement of the same rights that were asserted in the prior actions, resolution of those claims would involve substantially the same evidence as in the prior actions, Defendants' freedom from liability established in the prior actions would be impaired by claims asserted here, and the three actions arise from the same core set of allegations -- the removal of Plaintiff's infant daughter and her interactions with Defendants in 2009. Second, judgments entered in both the prior state court and federal actions are final. And third, the parties in all three actions are the same.

Because Plaintiff's claims are again barred by res judicata, the Complaint is frivolous and fails to state a claim upon which relief may be granted. And because no amendment to allege other facts could cure this defect, the Complaint is DISMISSED without leave to amend. *See* 28 U.S.C. § 1915(e)(2); *see also Yagman*, 2017 WL 243349, at *1 (affirming dismissal of complaint with prejudice based on res judicata); *Rainwater v. Banales*, 2008 WL 5233138, at *9 n.6 (C.D. Cal. Dec. 15, 2008) ("Because of the unavoidable applicability of *res*

*judicata* and collateral estoppel, granting Plaintiff leave to amend would be futile.").

## V. <u>CONCLUSION</u>

Based on the foregoing, Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim. Because amendment would be futile this dismissal is without leave to amend. The IFP Application therefore, is DENIED as MOOT. The Clerk of Court is DIRECTED to close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 28, 2017.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Dela Cruz v. Todd*, Civ. No. 16-00669 JMS-KSC, Order: (1) Dismissing Complaint Without Leave to Amend; and (2) Denying as Moot Application to Proceed in District Court Without Prepaying Fees or Costs